UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF LOUISIANA

LAFAYETTE-OPELOUSAS DIVISION

| | |
|---|---|
| LARRY LEGER | CIVIL ACTION NO.: 6:05CV1043 |
| VERSUS | JUDGE MELANCON |
| MURRELL REDDING AND JOHNNIE F. REDDING | MAGISTRATE JUDGE METHVIN |

\* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \*

### MEMORANDUM IN SUPPORT OF RULE 56(f) MOTION FOR CONTINUANCE OF TIME PRIOR TO CONSIDERATION OF DEFENDANTS' MOTION FOR SUMMARY JUDGMENT

May It Please the Court:

"Summary judgment should not.... ordinarily be granted before discovery has been completed". **Xerox Corp. v. Jenmora Corp.**, 888 F. 2d 345, 354 (5th Cir. 1989), **Alabama Farm Bureau Mutual Casualty Company, Inc. v. American Fidelity Life Insurance Company**, 606 F. 2d 602, 609 (5th Cir. 1979). In this matter, the original Petition was filed on May 18, 2005 *(Doc. 1)* in state court, which was then removed by Order of this court on June 20, 2005 *(Doc. 4)*. The case did not proceed forward due to an exception relating to the lack of an exhibit attached to the service copy of the Petition served via Louisiana Longarm Statute on the defendants and by order of this court on October 3, 2005 (*Doc. 20)*, plaintiff was instructed to file a Supplemental Petition, attaching that exhibit. The Supplemental Petition (*Doc. 21*) was filed but defendants did not waive service of the Petition timely. After a hearing, defendants filed an Answer and Counter-Claim (*Doc. 32*) on June 20, 2006.

1

While this matter has technically been filed for 17 months, the reality is that the case was not in a position to move forward until, at the earliest June 20, 2006. Thereafter, counsel for defendants indicated in his Unopposed Motion to Require Rule 26 Compliance and for Leave to Conduct Formal Discovery *(Doc. 33)* his intention of immediately conducting discovery and taking selected depositions in order to develop his defense relating to a forgery of Johnnie F. Redding's signature on the documents. Plaintiff has taken the position since the initial filing that he, in good faith, has relied upon the purchase and sale document presented to him, which he reasonably believed bore the signature of both defendants in this case. That document forms the crux of his prima facie case, subject to any attacks mounted by the defendants regarding the validity of signatures thereon. Thus, plaintiff has not been in a position to respond to defendants' defenses until those are more further developed or identified.

Defendants did not develop their defenses through written discovery or depositions, as was undersigned counsel's impression as to how the case would develop; however, on or about September 11, 2006, plaintiff was presented with a Motion for Summary Judgment *(Doc. 38)* filed by defendants, which contained an affidavit from Johnnie F. Redding and an affidavit from her forensic handwriting expert, for the first time expressing his opinion regarding whether Johnnie F. Redding signed the document in question. It is important to note that this expert does not give any opinion as to whether or not Johnnie F. Redding's husband and co-defendant, Murrell Redding, executed the document for himself and for his wife.

It is necessary that plaintiff be allowed an opportunity to take the deposition of Johnnie F. Redding to question her regarding her affidavit and her travels during the timeframe that the document at issue was executed, bearing her name. Additionally, it is necessary that Murrell Redding be deposed to determine whether or not he signed his wife's name to the document or has

any information to suggest who did sign her name to the document; the same can be said for the real estate agent, Ree Mire, who facilitated the circulation of the Buy-Sell Agreement. Finally, the deposition of defendant's expert is necessary to determine whether or not plaintiff should retain his own handwriting expert and to determine whether or not a conclusion can be reached regarding the person who did sign Johnnie F. Redding's name to the document at issue. To the extent the defendants are parties to this suit, currently represented by counsel, undersigned counsel is not authorized to contact Johnnie F. Redding and Murrell Redding for the purpose of discussing these issues and possibly securing an Affidavit to defend against the Motion for Summary Judgment. The same can be said for plaintiff's expert.

"The parties seeking more time should present 'affidavits that contain specific facts explaining the failure to respond by counter-affidavits demonstrating the existence of a genuine issue of facts'". **Xerox Corp. v. Jenmora Corp.**, 888 F. 2d 345, 354 (5th Cir. 1989); **Sec. v. Spence & Green**, 612 F. 2d 896, 900 (5th Cir. 1980). The attached Affidavit from undersigned counsel sets forth the unresolved issues which will be addressed during the required depositions, particularly (1) whether or not it was physically possible for Johnnie F. Redding to have executed the document herself, (2) whether or not Murrell Redding signed his wife's name to the document, (3) if he signed his wife's name to the document, whether there was any authority for him to do so or whether it was a forgery of his wife's name, and (4) whether or not any of these witnesses has additional information to offer regarding the person who actually did sign Johnnie F. Redding's name to the document, who might otherwise be responsible to the plaintiff for the forgery.

The claims asserted by plaintiff have been two-fold and have been expressed in the alternative: (1) assuming the signatures to be valid and/or authorized, plaintiff seeks specific performance of the Buy-Sell Agreement and (2) alternatively, if it is proven that the document bears

3

a forgery, plaintiff seeks damages against the forger, to the extent plaintiff reasonably relied upon the forgery, expended sums in investigating the sale via acts of due diligence and for lost opportunity due to his reasonable belief that he had committed to this purchase in tending to develop the property into a residential subdivision and reasonably failed to pursue other investment opportunities which may have left him overextended in the event the court granted specific performance on this contract.

Trial is not set in this matter until July 23, 2007 and the Scheduling Order (*Doc. 36*) recently issued by the court sets a discovery deadline of January 12, 2007 such that the granting of a 30 day continuance to allow for necessary discovery prior to the court considering the pending Motion for Summary Judgment will not jeopardize any existing deadlines assigned to this matter and, due to the limited number of persons involved in the litigation, those four depositions will likely constitute the bulk of all discovery necessary prior to trial.

Accordingly, plaintiff prays that his Rule 56(f) Motion be granted, allowing an additional 30 days for the taking of depositions prior to the consideration of defendants' pending Motion for Summary Judgment.

Respectfully submitted,

THE PANAGIOTIS FIRM

_____
D.C. Panagiotis (#15032)
George J. Armbruster III (#23432)
1540 W. Pinhook Rd.
Lafayette, Louisiana 70503
(337) 264-1516 – Telephone
**Counsel for Larry Leger**

UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF LOUISIANA

LAFAYETTE-OPELOUSAS DIVISION

| | |
|---|---|
| LARRY LEGER | CIVIL ACTION NO.: 6:05CV1043 |
| VERSUS | JUDGE MELANCON |
| MURRELL REDDING AND JOHNNIE F. REDDING | MAGISTRATE JUDGE METHVIN |

* * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * *

### CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a copy of the foregoing has this day been forwarded to all counsel of record by placing same in the United States mail, postage prepaid and properly addressed to:

Jeremy A. Hebert
Becker & Associates
P.O. Box 52085
Lafayette, LA  70503

Mr. J. Lomax Jordan
Attorney at Law
P.O. Box 4321
Lafayette, LA  70502

Lafayette, Louisiana this 5th day of October, 2006.

_____
George J. Armbruster III