UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
LAFAYETTE-OPELOUSAS DIVISION

Larry Leger                                                                 Civil Action 05-1043

versus                                                                          Judge Tucker L. Melançon

Murrell Redding, et al.                                         Magistrate Judge Mildred E. Methvin

**MEMORANDUM RULING**

Before the Court is a Motion for Summary Judgment filed by defendants, Murrell Redding and Johnnie F. Redding, ("the Reddings")[Rec. Doc. 38] and a Memorandum In Opposition filed by plaintiff Larry Leger [Rec. Doc. 41]. For the following reasons, the motion will be granted in part and denied in part.

*PROCEDURAL HISTORY*

On May 18, 2005, plaintiff filed his Petition for Declaratory Judgment, Specific Performance, and Alternatively for Damages for Fraud/Forgery in the 27th Judicial District Court, St. Landry Parish, State of Louisiana [Complaint, Rec. Doc. 1]. Defendants, Murrell Redding and Johnnie Redding, ("the Reddings"), removed the matter to this Court on June 16, 2005 [Id]. Plaintiff seeks specific performance of a Buy-Sell Agreement purportedly made by the parties of approximately 196.8 acres, known as 5180 Highway 182, Opelousas, Louisiana, for $1,625,000.00 and for damages under Louisiana Civil Code Articles 1986 through 2004 [Complaint, Rec. Doc. 1, para(s). 3, 14]. Alternatively, plaintiff asserts a claim for fraud/forgery against the Reddings, seeking damages, expenses, lost profits and attorney's fees [Complaint, Rec. Doc. 1, para. 15]. The property is described as a horse farm which the Reddings own in St. Landry Parish [defendants' Memorandum, Rec. Doc. 38].

The procedural history of the case following removal is related in detail in the Court's Order denying plaintiff's motion for an extension of the January 12, 2007 discovery deadline [Rec. Doc. 50]. In summary, subsequent to removal, upon defendants' motion, the Court required plaintiff to file a supplemental and amending complaint [Rec. Docs. 5, 20]. Thereafter, the matter was dismissed by the clerk of Court for failure to prosecute and, upon motion, was reinstated by the Court [Rec. Docs. 25, 26, 31]. Defendants answered and filed a counterclaim on June 20, 2006 [Rec. Doc. 32]. Defendants also filed a Motion to Require Rule 26 Compliance and for Leave to Conduct Formal Discovery, which was granted by Magistrate Judge Methvin [Rec. Docs. 33, 34]. On August 31, 2006, the Scheduling Order was entered, setting the matter for bench trial on July 23, 2007 and setting pre-trial deadlines, including the January 12, 2007 discovery deadline [Rec. Doc. 36].

On September 11, 2006, defendants filed the instant motion. In response, plaintiff filed a Rule 56(f) Motion for Continuance of Time Prior to Consideration of Defendant's Motion for Summary Judgment, seeking additional time for the taking of discovery in order to respond [Rec. Doc. 40]. Plaintiff stated his need to depose Johnnie F. Redding regarding her affidavit in support of defendants' Motion for Summary Judgment and Murrell Redding to determine whether or not he signed his wife's name to the document or otherwise has knowledge regarding the signature as well as his need to depose the real estate agent, Ree Mire, and defendants' handwriting expert [plaintiff's Motion for Continuance, Rec. Doc. 40]. Plaintiff also opposed defendants' motion on the basis that defendants had presented no evidence which addressed his alternative theory of liability - that Murrell Redding, (Johnnie

F. Redding's husband), executed not only his name but also forged his wife's name to the Purchase and Sell Agreement [plaintiff's Opposition, Rec. Doc. 41].

On October 12, 2006, the Court granted the plaintiff's motion for continuance of time, allowing an additional thirty (30) days for the taking of depositions prior to the consideration of defendants' pending motion for summary judgment [Rec. Doc. 42]. On November 15, 2006, defendants filed a Motion for Consideration of Defendants' Motion for Summary Judgment, stating plaintiff had not propounded any discovery and had made no effort to set the depositions referenced in his motion for continuance [Rec. Doc. 44]. Counsel for defendants also states that he made a request to take Larry Leger's deposition on October 19, 2006 with no response [Id]. The Court granted defendants' request that their Motion for Summary Judgment be considered but denied defendants' additional request that the motion be considered without supplementation by the plaintiff [Rec. Doc. 45]. However, plaintiff has never supplemented his opposition. Considering the procedural history of the case, and as plaintiff had failed to state the grounds for his motion, the Court denied plaintiff's Unopposed Motion for Enlargement of Time for Discovery filed on the eve of the discovery cut-off [Rec. Doc. 49] and notified the parties that it intended to rule on the instant motion forthwith [Rec. Doc. 50].

### *FACTUAL BACKGROUND*

The property at issue in this case, a 196.8 acre tract of land located in Section 40, 41, 42, 45 and 126, Township 7 South, Range 4 East, St. Landry Parish, Louisiana, was acquired by Murrell E. Redding and Johnnie Elizabeth Flint Redding with funds that were community property and co-owned by them as an asset of the

community of acquets and gains existing between them, a matter of public record [defendants' Statement of Undisputed Material Facts, Rec. Doc. 38, V. A., B]. Defendants submit two versions of the Purchase Agreement and Addendum (collectively referred to as "the Purchase Agreement") at issue. Exhibits D1 and D2 bear the signature of Murrell Redding, dated 4/28/05 at 8:00 p.m., but do not bear the signature of Johnnie Elizabeth Flint Redding [defendants' Statement of Undisputed Material Facts, Rec. Doc. 38, V. J., K. and Exhibits D1 and D2]. Exhibits D14 and D15 bear the signature of Murrell Redding on the line, Buyer, dated 4/26/05 at 12:30 p.m. and purport to bear the signature of Johnnie F. Redding, as seller, dated 4/26/05 at 12:30 p.m. Defendants submit the affidavit of Johnnie Elizabeth Flint Redding that she did not sign these documents, and the affidavit of Drew V. Max, handwriting expert, that his professional opinion, upon review of signature exemplars and other documents signed by Mrs. Redding, is that Mrs. Redding did not sign the documents at issue [defendants' Memorandum, Rec. Doc. 38, Exhibits A & B].

After learning of the existence of the Purchase Agreement, Johnnie Redding did not ratify, acquiesce or conform to its terms [defendants' Statement of Undisputed Material Facts, Rec. Doc. 38, V, E.]. Within a reasonable time after learning of the existence of the Purchase Agreement, Johnnie Redding employed an attorney who repudiated its validity [defendants' Statement of Undisputed Material Facts, Rec. Doc. 38, V, D, defendants' Exhibit D16]. Neither Murrell E. Redding nor any other person had the authority to sign Johnnie Redding's name to the Purchase Agreement [defendants' Statement of Undisputed Material Facts, Rec. Doc. 38, V, F]. Johnnie Redding did not sign any document allowing or directing the sale of the property at

4

issue at any time prior to or since April 26, 2005 [defendants' Statement of Undisputed Material Facts, Rec. Doc. 38, V, G]. The Terms and Conditions of the "Agreement to Purchase and Sell" provide that:

> **108-109. DEPOSIT:** Upon acceptance of this offer, the Seller and Buyer shall be bound by all terms and conditions and Buyer becomes obligated to deposit $5,000.00 immediately with Coldwell Banker Pelican. . . .
>
> **114-116. BREACH OF AGREEMENT BY SELLER:** "In the event that Seller breaches this agreement, for any reason other than the inability to deliver a merchantable title, Buyer shall have the right to demand specific performance; or at Buyer's option, Buyer shall have the right to demand the return of his/her deposit in full, plus an equal amount to be paid as a penalty by Seller." . . .
>
> **137-138. OFFER:** In the event this offer is not accepted by the Seller herein above described by <u>April 26, 2005</u> (**DATE)** <u>6 PM CST</u> **AM/PM (TIME)** this offer shall be deemed revoked.

[defendants' Statement of Undisputed Material Facts, Rec. Doc. 38, V, I, Exhibits D1 and D14].[1]

Plaintiff offers a single material issue of fact that remains in dispute - whether or not Murrell Redding forged his wife's name to the Purchase Agreement [plaintiff's Statement of Contested Facts, Rec. Doc. 41].

### *MOTION FOR SUMMARY JUDGMENT STANDARD*

Summary judgment is proper when the pleadings and evidence on file show that no genuine issue exists as to any material fact and that the moving party is entitled to judgment as a matter of law. Fed.R.Civ. P. 56(c). The movant bears the

---

[1] Defendants also submit several other documents bearing Mr. Redding's signature, including documents entitled Lafayette Board of Realtors Exclusive Right to Sell Listing Agreement, Disclosure and Consent to Dual Agent Designated Agency, and Property Condition Disclosure Form [defendants' Statement of Undisputed Material Facts, Rec. Doc. 38, V, L, Exhibits D3, D4, D5 and D6].

burden of establishing the propriety of summary judgment, and all pleadings and evidence are viewed in the light most favorable to the nonmovant. *Melton v. Teachers Ins. & Annuity Ass'n of America*, 114 F.3d 557, 559 (5th Cir.1997). As such, the movant must inform the court of the basis of its motion and identify the portions of the record which reveal there are no genuine material fact issues. *See Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986). The function of the court, therefore, is to make the threshold inquiry of determining whether there is a need for a trial. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 250 (1986).[2] Once the movant makes this showing, the nonmovant must demonstrate that there is evidence in the record establishing that there is a genuine issue of material fact for trial. *Id*. at 323-24. To carry this burden, the opponent must do more than simply show some metaphysical doubt as to the material facts. *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 586 (1986). A dispute as to a material fact is "genuine" under Rule 56(c) only if the evidence is such that a reasonable jury could return a verdict for the nonmoving party. *Anderson*, 477 U.S. at 251-52. The mere existence of a scintilla of evidence in support of the nonmovant's position is insufficient to preclude a grant of summary judgment. *Stewart v. Murphy*, 174 F.3d 530, 533 (5th Cir.1999). The opponent must present evidence sufficient to support a resolution of the factual issue in his favor. *Anderson*, 477 U.S. at 249. The court may properly enter summary judgment against a party if that party fails to establish the existence of an element essential to the case and as to which it will bear the burden of proof at

---

[2] *See also Crawford-El v. Britton*, 523 U.S. 574, 600 (1998) ("Summary judgment serves as the ultimate screen to weed out truly insubstantial lawsuits prior to trial.").

trial. *Celotex*, 477 U.S. at 324-236. Summary judgment is also appropriate when the only issues to be decided in the case are issues of law, or when the non-moving party's claims are legally deficient. *Neff v. American Dairy Queen Corp.*, 58 F.3d 1063, 1065 (5th Cir.1995).

## *ANALYSIS*

Plaintiff seeks specific performance of the Purchase Agreement, delay damages and other damages pursuant to Louisiana Civil Code Articles 1986 through 2004 in the event the Agreement is held to be enforceable. Alternatively, plaintiff seeks damages for fraud/forgery if defendants are successful in proving the Purchase Agreement to be a relative nullity. Defendants seek a summary judgment (1) declaring the Purchase Agreement to be null, void and unenforceable, (2) declaring the specific performance clauses of the Purchase Agreement to be likewise null, void and unenforceable , (3) declaring that any claims for damages asserted by the plaintiff are not actionable as a consequence of the unenforceable Purchase Agreement or, alternatively, limited to the return of the deposit in full, plus an equal amount to be paid as penalty by the seller and, therefore, limited to $5,000.00, the amount of the deposit, and (4) dismissing plaintiff's cause of action in its entirety or alternatively dismissing either the specific performance claim or damages claim in accordance with Louisiana Civil Code Article 2007 [defendants' Motion for Summary Judgment, Rec. Doc. 38]. Defendants argue that the property was community property and that Mrs. Redding did not ratify or confirm the relative nullity of the Purchase Agreement [defendants' Memorandum, Rec. Doc. 38]. Defendants submit the affidavit of

Johnnie Elizabeth Flint Redding that she neither signed the purchase agreement documents nor gave her consent that her signature be affixed to the document, nor did she later ratify or acquiesce to the substance of the agreement. Defendants also submit the affidavit of an handwriting expert to support their argument that the signature is not that of Johnnie Elizabeth Flint Redding. Although plaintiff was granted an extension to conduct discovery in order to respond, plaintiff never supplemented the record with summary judgment evidence to dispute that Johnnie Redding neither signed the documents at issue nor ratified the sale. Plaintiff, however, submits the affidavit of his attorney, George J. Armbruster, III, that defense counsel contacted his office on November 11, 2005 to the discuss this matter and indicated during the conversation that he understood the buy/sell agreement was void because Murrell Redding had signed the documents on his own and his wife's behalf [plaintiff's Memorandum in Support of Rule 56(f) Motion for Continuance, Rec. Doc. 40, Affidavit of George J. Armbruster III].

Louisiana Civil Code Article 2337 provides, "[a] spouse may not alienate, encumber, or lease to a third person his undivided interest in the community or in particular things of the community prior to the termination of the regime." Louisiana Civil Code Article 2347 provides in pertinent part, "[t]he concurrence of both spouses is required for the alienation, encumbrance, or lease of community immovables . . .". Louisiana Civil Code Article 2353 provides in pertinent part, "[w]hen the concurrence of the spouses is required by law, the alienation, encumbrance, or lease of community property by a spouse is relatively null unless the other spouse has

8

renounced the right to concur. . . ". See *Holland v. Barrios,* 892 So.2d 675, 680 (La. App. 5th Cir. 2004) (holding that, where spouse signed an agreement to purchase and sell real estate as a witness rather than as an owner/seller, the agreement was unenforceable).

Plaintiff has failed to adduce any summary judgment evidence to raise a genuine issue of fact that Johnnie Redding concurred in the agreement to sell the property at issue nor has plaintiff carried his burden of adducing evidence that Johnnie Redding ratified the purchase agreement signed by her husband, Murrell Redding. Accordingly, the Court concludes that the Purchase Agreement is unenforceable because it purports to alienate, encumber or lease community immovable property based on Mr. Redding's signature alone. Therefore, defendants' motion for summary judgment will be granted to the extent that it seeks dismissal of plaintiff's request for specific performance of the Purchase Agreement. Additionally, as stated above, defendants have requested that plaintiff's claims for damages be dismissed either in their entirety or limited to the return of the deposit plus penalty, arguing that the damages claim is insupportable as a consequence of the unenforceable Purchase Agreement and that Louisiana Civil Code Article 2007 prohibits an action for both specific performance and damages. The Court will grant defendants' motion to the extent that defendants seek dismissal of plaintiff's claims for delay and compensatory damages under Louisiana obligations law, as alleged in paragraph 14 of plaintiff's Complaint, as the Court finds the Purchase Agreement to be unenforceable.

However, plaintiff has sought not only delay and other compensatory damages under Louisiana obligations law in connection with a finding that the Purchase Agreement is enforceable, but has alleged an alternative claim for damages from the Reddings under an alternate fraud/forgery theory should the Court find the Purchase Agreement to be unenforceable [Complaint, Rec. Doc. 1, par. 15].  Plaintiff alleges that, based on witness testimony, he believes that the Reddings changed their mind, unilaterally deciding not sell the property for $1,625,000.00 because they now believe they could obtain more money for the sale of the property and are attempting to back out of selling to him [Complaint, Rec. Doc. 1, par. 12]. Plaintiff argues, and the Court agrees, that defendants have presented no evidence which addresses this alternative claim.  Accordingly, the Court will deny defendants' motion to the extent that it seeks dismissal of plaintiff claims for damages in their entirety.  Plaintiff's claim for damages for fraud/forgery will not be dismissed.

## *CONCLUSION*

For the reasons stated above, defendants' Motion for Summary Judgment will be granted in part and denied in part as to plaintiff's alternative claims for damages for fraud/forgery.  Plaintiff's claims for specific performance, delay damages and all other damages pursuant to Louisiana Civil Code Article 1986 through 2004, as alleged in paragraph 14 of plaintiff's Petition for Declaratory Judgment, Specific Performance and Alternatively for Damages for Fraud/Forgery, will be dismissed.